IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

Case No.:

JORGE BEITER,

    Plaintiff,

vs.

GUNTHER MOTOR COMPANY,

    Defendant.

_____/

**Complaint for Damages and Equitable Relief – Jury Trial Demanded**

**Count I: Substantive USERRA Violation against Gunther Motor Company**

Plaintiff, Jorge Beiter, sues Defendant, Gunther Motor Company and alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) and (4); and 38 U.S.C. § 4323(b)(3). It has authority to enter temporary and permanent injunctions pursuant to 38 U.S.C. § 4323(e).

2. This action arose in the Southern District of Florida. Venue lies in the Fort Lauderdale division of the Southern District of Florida pursuant to 28 U.S.C. § 1391 and 38 U.S.C. § 4323(c)(2) because Defendant Gunther Motor Company maintains a place of business in Fort Lauderdale.

**Parties**

3. Plaintiff, Jorge Beiter, is a citizen of the United States and a resident of Palm Beach County, Florida, who is, and at all material times was:

    a. a Specialist in the United States Army assigned to the 810th Military Police Company;

    b. a person who applied for initial employment with a private entity; and

    c. a person who "has taken an action to enforce a protection afforded any person under [USERRA]," as envisioned by 38 U.S.C. § 4311(b)(1), who "has exercised a right provided for in [USERRA]. § 4311(b)(4).

4. Defendant Gunther Motor Company is a Florida profit corporation operating in Broward County, Florida, and an employer pursuant to 38 U.S.C. § 4303(4)(a).

## Conditions Precedent

5. All conditions precedent to bringing of this action have been satisfied, have been waived, or would be futile.

## General Allegations

6. Spc. Beiter applied for position as an automotive sales consultant with Gunther on August 3, 2020 after reviewing Gunther's online advertisement for a career fair that read:

\*     \*     \*

- GUNTHER VOLKSWAGEN & VOLVO OF Coconut Creek is currently hiring AUTOMOTIVE SALES PROFESSIONALS.
- Start fresh in a career that you have unlimited income potential, unlimited growth, and an opportunity to earn over $100,000.00 YOUR FIRST YEAR
- SHOW UP IN PERSON (4300 FL-7, Coconut Creek, FL 33073 – Type Gunther Volkswagen of Coconut Creek in your Navigation app)
- BRING YOUR RESUME
- DRESS FOR SUCCESS

- IF SELECTED BE READY TO START IMMEDIATELY
- CALL ASHLEE DUPLIN FOR MORE INFORMATION AT 954-XXX-XXXX

*   *   *

7. Encouraged at the prospect of beginning a new career with significant earning potential, and one for which his was qualified, Spc. Beiter arrived at Gunther's career fair and filled out a job application. Within a few hours, Ms. Duplin informed Spc. Beiter he was selected for an interview with her – the next-round opportunity afforded to only a few of the many job applicants at the fair.

8. The first ten to fifteen minutes of the interview went well, with Spc. Beiter and Ms. Duplin exchanging pleasantries and building rapport, laughing and joking over the stress of the COVID-19 pandemic and an excitement for life to return to normal.

9. The conversation then shifted to Spc. Beiter's work history, and when he noted he was in the U.S. Army Reserve, Ms. Duplin quickly looked down and scanned the resume in her hand, and her facial expression and tone changed. She questioned him: "So… about the Army – are you still in?"

10. Spc. Beiter informed Ms. Duplin that he was still in the Army, and as an E-4 Specialist with the 810th Military Police Company, he had a legal obligation to report for duty one weekend out of every month, and two weeks out of the year for annual training.

11. Ms. Duplin immediately conveyed that these obligations "might be a problem", and that she would ask about the possibility of his working there. She halted the interview and left the room to speak with Gunther's general manager, who on information and belief, is Robert Klein.

12. When Ms. Duplin returned, she communicated that the general manager refused to hire him because of his military commitments. She relayed that although she believed Spc. Beiter was an "ace in the hole," the only problem was his commitments to the military. Even though he "would be amazing," and would "bring a lot of great energy," she could not make any exception for him to take time off on weekends, when other senior salesman would have preference to take off on the weekends, and when the dealership would make the most money. She advised Spc. Beiter that she could hire him once he no longer had his military commitments, and to be sure to contact her if that should happen.

13. Ms. Duplin then concluded the interview and sent Spc. Beiter on his way without the benefit of employment, though admitting he was otherwise qualified.

14. The Uniform Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, et seq. ("USERRA"), provides, in relevant part that:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by anemployer on the basis of that membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a).

15. USERRA further provides, in relevant part, that:

> An employer shall be considered to have engaged in actions prohibited … under subsection (a), if the person's … service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such … service, application for service, or obligation for service.

38 U.S.C. § 4311(c)(1).

16. Spc. Beiter's requirement to go on active duty one weekend a month and for two weeks annual for training was a motivating factor for Gunther's failure to hire him.

17. As a direct, natural, and proximate result of Gunther's actions, as more particularly alleged above, Spc. Beiter has suffered loss of wages and benefits, and continues to do so.

18. Gunther cannot prove that it would have taken the same actions against Spc. Beiter in the absence of his service on active duty one weekend a month and for two weeks annually for training, as required by 28 U.S.C. § 4311(c)(1).

19. Gunther's denial to Spc. Beiter of employment and the benefits of employment has been willful so as to warrant an imposition of liquidated damages as provided by 38 U.S.C. § 4323(d)(1)(C).

20. Gunther's actions in economically burdening Spc. Beiter's statutorily-protected federal right to serve in the uniformed services of the United States imposes an irreparable harm for which there is no adequate remedy at law, as is recognized by 38 U.S.C. § 4323(e).

21. Spc. Beiter is entitled to recover his reasonable attorney fees, expert witness fees, and other litigation expenses pursuant to 38 U.S.C. § 4323(h).

WHEREFORE, Plaintiff, Spc. Beiter, prays that this Court will:

a. Grant Plaintiff a judgment against Defendant Gunther Motor Company for damages, including compensatory, liquidated and punitive damages;

b. Enjoin Defendant Gunther Motor Company from continuing to violate Plaintiff's statutorily protected rights and to make Plaintiff whole;

c. Grant Plaintiff his reasonable attorney's fees and litigation expenses; and

d. Grant Plaintiff such other and further relief as is appropriate.

## Jury Trial Demand

Plaintiff demands trial by jury on all issues so triable.

Dated this 1st day of October, 2020.

                                                Respectfully submitted,

                                                Brenton Legal P.A.
                                                *Counsel for Plaintiff*
                                                1070 E. Indiantown Rd., Suite 400
                                                Jupiter, FL 33477
                                                Phone: 954-639-4644

By:  */s/ Isha Kochhar*
        Ryan Brenton
        Florida Bar No.: 107675
        rcb@brentonlegal.com
        Isha Kochhar
        Florida Bar No.: 105294
        isha@brentonlegal.com